UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:17-CV-293-TBR

JUAN GONZALEZ,                                                                             PLAINTIFF

v.

GREAT AMERICAN INSURANCE CO., *et al.*,                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on several motions. First, Defendant Great American Insurance Company filed a Motion for Summary Judgment on All Claims Against Non-Trucking Liability Policy, [R. 4], and a Motion for Summary Judgment on All Claims Asserted Against the Occupational Accident Policy, [R. 5]. Plaintiff Juan Gonzalez responded, [R. 12; R. 16-1]. Secondly, Gonzalez filed a Motion for Extension of Time to Complete Discovery, [R. 14]. Great American responded, [R.17], and Gonzalez replied, [R. 21]. Finally, Gonzalez filed a Motion to Amend/Correct his Memorandum in Opposition to Great American's Motion for Summary Judgment, [R. 16]. Great American responded, [R. 18], and Gonzalez replied, [R. 20]. This matter is now ripe for adjudication. For the reasons stated herein: Great American's Motion for Summary Judgment on All Claims Against Non-Trucking Liability Policy, [R. 4], is GRANTED; Great American's Motion for Summary Judgment on All Claims Against the Occupational Accident Policy, [R. 5], is DENIED WITH LEAVE TO REFILE; Gonzalez's Motion for Extension of Time to Complete Discovery, [R. 14], is GRANTED IN PART AND

1

DENIED IN PART; and Gonzalez's Motion to Amend/Correct his Memorandum in Opposition to Great American's Motion for Summary Judgment, [R. 16], is GRANTED.[1]

**BACKGROUND**

This case arises from a motor vehicle accident that occurred on November 15, 2013 in Jefferson County, Kentucky, in which Juan Gonzalez, a truck driver, was injured. [R. 1-1 at 3 (Jefferson Circuit Court Complaint).] At the time of the accident, Gonzalez was transporting packages for Cowan International Group. [R. 15-1 at 1 (Gonzalez Affidavit).] Following treatment for his injuries at the emergency room at Norton Audubon Hospital, [R. 16-3 at 99-168 (Medical Records attached to Lamb Affidavit)], Gonzalez received medical attention from his primary care physician, Dr. Juan Polo, [*Id*. at 169-178], Dr. James Heaphy and Jerry Morris of the Morris Medical Group, [*Id*. at 89-98], and Dr. Madhusudhan Yakkanti and Dr. Edward Tillet of the Shea Orthopedic Group, [*Id*. at 179-186]. He was prescribed various medications and physical therapy for pain in his neck, lower back, and left shoulder, [*Id*. at 170; 179]. He also had an independent medical examination by Dr. Richard Sheridan on May 13, 2014, in which Dr. Sheridan found that the treatment up to that date had been necessary, but Gonzalez was capable of returning to full duty work as a truck driver and required no further treatment. [*Id*. at 187-192 (Independent Medical Evaluation).] Despite Dr. Sheridan's conclusion, Gonzalez explains that he was unable to work following his accident until February 23, 2015. [R. 15-1 at 2.] Furthermore, Gonzalez states that he did not return to his previous employment but to a different employer where the work is not as strenuous. [*Id*.]

---

[1] The Court acknowledges Great American's opposition to Gonzalez's motion to amend his response, [R. 18]. However, considering that Gonzalez's motion to amend his response, [R. 16], was filed a mere six days after the initial response, [R. 12], leaving Great American plenty of time to reply, which it chose not to do, the Court finds no bad faith or prejudice in considering Gonzalez's Amended Memorandum in making its findings.

Gonzalez is insured by Great American Insurance Group ("GAI") under both a Non-Trucking Liability and Physical Damage Policy ("NTL policy") [R. 4-1 at 1-2 (Deanna Ware Affidavit)[2]], and an Occupational Accident Insurance Policy ("OAP"), [R. 5-1 at 2-3 (Lynn Canterbury Affidavit)]. Under the OAP, GAI paid Gonzalez $9,776.74 in Temporary Total Disability benefits and $7,976.73 in medical expenses. [*Id.*] On July 10, 2014, GAI notified Gonzalez's counsel that his Temporary Total Disability benefits on his OAP claim were suspended as of July 7, 2014 due to Dr. Sheridan's assessment. [*Id.* at 55 (Suspension of Benefits Letter).] Under the NTL policy, GAI found that there was no coverage available to Gonzalez for no-fault benefits due to the fact that the policy only provides coverage for when the vehicle is utilized for personal use. [R. 4-1 at 1.]

This suit was originally filed in Jefferson Circuit Court on November 14, 2016 by Gonzalez, [R. 1-1 at 1], and subsequently was removed to this Court on May 10, 2017, [R. 1 (Joint Notice of Removal)]. Gonzalez also initiated a worker's compensation suit that is currently pending before Administrative Law Judge Chris Davis. [R. 16-3 at 196 (Judge Davis Order).] Specific to GAI, Gonzalez claims that GAI is obligated to pay him "benefits under the No Fault Act (KRS 304.39-120) and occupational injury benefits pursuant to the insurance policy . . .." [R. 1-1 at 4.] On September 14, 2017, GAI filed the two motions for summary judgment that are now before the Court. [R. 4; R. 5]. On October 25, 2017, Gonzalez filed a Motion for Extension of Time to Complete Discovery, [R. 14], and on October 30, 2017, he filed a Motion to Amend his Response to the motions for summary judgment, [R. 16].

**STANDARD**

---

[2] The Court notes that the attachment 4-1 in CM/ECF is labelled incorrectly as "Affidavit of Herman Funk" when it is actually the affidavit of Deanna Ware.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, the defendant must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Plaintiff's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the defendant satisfies its burden of production, the plaintiff "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

## DISCUSSION

The Court will address each motion filed by the parties in turn.

I.  **The Occupational Accident Policy**

In response to GAI's Motion for Summary Judgment on the claims concerning the OAP, Gonzalez filed a Rule 56(d) motion for more time to conduct discovery. "Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). However, the burden is on the party claiming insufficient time to conduct discovery to file a motion and supporting affidavit pursuant to 56(d). *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). "The importance of complying" with Rule 56(d)'s affidavit requirement "cannot be overemphasized." *Id*. "Beyond the procedural requirement of filing an affidavit, Rule [56(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Id*. If a "[p]laintiff's affidavit makes only general and conclusory statements regarding the need for more discovery," then denial of their request for more discovery is proper. *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999); *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).

Courts have considered a number of factors in deciding whether additional discovery is appropriate, including "(1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests." *Plott*, 71 F.3d at 1196 (collecting cases). The decision of the district court to grant or deny a Rule 56(d) motion is reviewed for abuse of discretion, and a district court does not abuse its discretion to deny additional discovery when the requested discovery would be irrelevant to the underlying issues

5

to be decided in the dispositive motion. *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2017 WL 6940734, at *8–9 (W.D. Ky. May 25, 2017) (citing *In re Bayer Healthcare and Merial Ltd. Flea Control Products Marketing and Sales Practices Litigation*, 752 F.3d 1065, 1074 (6th Cir. 2014)). "However, when determining whether the district court abused its discretion, this Court may only reverse upon a finding that the ruling was arbitrary, unjustifiable, or clearly unreasonable." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 624 (6th Cir. 2014)

Although the factors do not weigh heavily in favor of Gonzalez, the Court finds that it would be "arbitrary, unjustifiable, or clearly unreasonable"[3] to dismiss this case without allowing Gonzalez until and including June 1, 2018 to ensure all evidence involving the payment of the Temporary Total Disability benefits is before the Court. As counsel for Gonzalez has filed an affidavit, [R. 14-1 (Lamb Affidavit in Support of 56(d) Motion)], and a memorandum, [R. 14], in support of his motion,[4] the Court will now weigh the *Plott* factors in deciding whether additional discovery is appropriate concerning the OAP. The first factor weighs against granting the motion because counsel for Gonzalez concedes he was aware of the issue "that is the subject of the desired discovery," i.e., "expensive reports from medical providers." [R. 21 at 2 (Gonzalez Reply to Motion for Extension of Time).] The second factor weighs in favor of granting the motion because evidence that additional TTD benefits are still owed could change this Court's ruling on summary judgment. Gonzalez states that he may need further time for discovery of medical records in order to prove that he should be paid further TTD benefits. [*See* R. 14 at 3; R. 21 at 2.] Currently, counsel for Gonzalez only has records of his client's medical treatments through May 5 of 2014. [R. 14 at 5.] Indeed, this leaves a large gap in the available records of medical

---

[3] *F.T.C.*, 767 F.3d at 624.
[4] *See Cacevic,* 226 F.3d at 488–89 (6th Cir. 2000) ("Indeed, even our own court has intimated that either a Rule 56(f) affidavit "or a motion" would suffice.") (citing *Plott*, 71 F.3d at 1196).

6

treatment, which could affect the amount of TTD benefits owed to Gonzalez. The third factor, involving the length of the discovery period, weighs neutrally because there was never a scheduling order which set a specific deadline for discovery. The fourth factor, concerning whether counsel for Gonzalez was dilatory in his discovery efforts, is a close call. The Court acknowledges GAI's protests over counsel's delay in conducting and responding to discovery requests. [R. 17 at 6.] Although the plaintiff's counsel filed two motions requesting an extension of time to respond, and had to be compelled to respond to discovery requests in state court [*See* R. 1-1 at 21], this delaying conduct is not as egregious as the behavior Sixth Circuit district courts endured in past case law. *See Siler v. Webber*, 443 F. App'x 50, 56 (6th Cir. 2011) (holding that plaintiffs were dilatory when they had six months, including four separate extensions of time, to prepare their summary-judgment response); *Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998) (holding that the plaintiffs were dilatory when the complaint was filed roughly four and one-half years before the district court issued its order of summary judgment). Thus, the fourth factor weighs slightly in favor of granting Gonzalez's motion. Lastly, as GAI points out, the fifth factor is not relevant because no discovery was ever directed to GAI by Gonzalez. [R. 17 at 7.]

In sum, Gonzalez's 56(d) Motion as it pertains to gathering discovery in support of the argument that there are still TTD benefits owed under the OAP is GRANTED. In its discretion, the Court has decided that this evidence is not "irrelevant to the underlying issues to be decided" concerning GAI's OAP Motion for Summary Judgment, [R. 5].[5] Therefore, the Court will grant Gonzalez until and including June 1, 2018 to complete discovery relating to his TTD benefits under the OAP. As the Court has granted Gonzalez's 56(d) Motion, GAI's Motion for Summary

---

[5] *Brown*, No. 3:15-CV-208-CRS, 2017 WL 6940734, at *8–9.

Judgment on All Claims Asserted Against the OAP, [R. 5], is DENIED WITH LEAVE TO REFILE.

## II. The Non-Trucking Liability Policy

### A. Gonzalez's Rule 56(d) Motion

Unlike Gonzalez's previous Rule 56(d) motion, further discovery will not affect the Court's ruling on GAI's NTL Policy Motion for Summary Judgment. Any evidence required to decide whether Gonzalez's insurance policy covered injuries resulting from trucking or business use is already before the Court. Thus, Gonzalez's Rule 56(d) Motion is DENIED as it pertains to the NTL Policy Motion for Summary Judgment.

### B. NTL Policy Motion for Summary Judgment

GAI moves for summary judgment of all claims asserted against the NTL policy on the grounds that (1) Gonzalez's claims are time-barred by the statute of limitations pursuant to K.R.S. § 304.39-230, (2) the NTL policy does not provide personal injury protection ("PIP") when the vehicle is being used for business purposes, and (3) the NTL policy does not provide worker's compensation coverage. [R. 4 at 2.] Gonzalez responded by arguing that (1) his claims are not time-barred and (2) Kentucky no-fault benefits apply. [R. 16-1 at 21.]

The Court finds that Gonzalez is not eligible for PIP coverage from this incident because the truck was being used to transport cargo at the time of the accident. The NTL Policy clearly states that "trucking or business use" is excluded from liability coverage for non-trucking use. [R. 4-1 at 13-14 (NTL Policy)]. Specifically, the policy states that the following is excluded from coverage: "Bodily injury or property damage arising out of any accident which occurs while the covered auto is being used in the business of a lessee *or while the covered auto is being used to transport cargo of any type*." [*Id*. (emphasis added).] In contrast to Gonzalez's argument that

Kentucky no-fault benefits apply, both the Sixth Circuit and the Western District of Kentucky have upheld such a trucking or business use exclusion under Kentucky law. *See Meade ex rel. Meade v. Great Am. Assur. Co.*, 198 F. App'x 475, 478 (6th Cir. 2006) ("Most importantly, the wording of the policy itself obligates Great American to pay only those claims 'resulting from the ownership, maintenance or use of a covered auto,' and repeatedly and expressly excludes coverage 'while the covered auto is being used to transport cargo of any type.'"); *Greenwell v. Boatwright*, 184 F.3d 490, 492 (6th Cir. 1999) (holding that a nonbusiness use policy for a semi-truck did not cover the truck when it was used for business purposes under Kentucky law); *Bays v. Summitt Trucking, LLC*, 691 F. Supp. 2d 725, 736 (W.D. Ky. 2010) (same). Here, Gonzalez concedes that he was transporting packages on behalf of Cowan International Group at the time of the accident. [R. 16-1 at 4.] Therefore, any bodily injury or property damage is excluded from liability coverage pursuant to the NTL Policy. GAI's Motion for Summary Judgment of all claims asserted against the NTL policy is GRANTED.[6]

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) Great American's Motion for Summary Judgment on All Claims Against Non-Trucking Liability Policy, [R. 4], is **GRANTED**.

(2) Great American's Motion for Summary Judgment on All Claims Against the Occupational Accident Policy, [R. 5], is **DENIED WITH LEAVE TO REFILE**.

(3) Gonzalez's Motion for Extension of Time to Complete Discovery, [R. 14], is **GRANTED IN PART AND DENIED IN PART**. Gonzalez is given until and

---

[6] The Court finds it unnecessary to address GAI's further arguments concerning the statute of limitations and worker's compensation as this time as it has already granted its motion for summary judgment on different grounds.

including **June 1, 2018** to complete discovery related to payment of Temporary Total Benefits under the OAP.

(4) Gonzalez's Motion to Amend/Correct his Memorandum in Opposition to Great American's Motion for Summary Judgment, [R. 16], is **GRANTED**.

**IT IS SO ORDERED**.


cc: Counsel of Record